IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nationwide Mutual Insurance Company, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Case No. 2:06-CV-76 |
| Nationwide Benefit Plans, Inc., *et al.*, | : |
| Defendants. | : Judge Sargus |
| | : Magistrate Judge King |

## **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs, Nationwide Mutual Insurance Company and Nationwide Life Insurance Company ("Nationwide"), and defendants, Nationwide Benefit Plans, Inc. and William M. Ferguson (collectively, "Defendants"), have submitted to the Court the following stipulations of facts which are hereby approved and adopted by the Court as the Final Judgment in this matter.

A. Prior to the acts of Defendants complained of herein, Nationwide has extensively used the Nationwide name and trademarks in connection with the marketing and sale of a wide variety of insurance and financial services, including without limitation, health insurance.

B. Nationwide owns valid and subsisting registrations in the United States Patent and Trademark Office ("PTO") for, *inter alia*, the following (the "Nationwide Marks"):

    a. NATIONWIDE- Registration No. 854,888, registered August 13, 1968, for underwriting and sale of all lines of insurance, including fire, life, and casualty;

    b. NATIONWIDE (and design)- Registration No. 2,371,088, registered July 25, 2000, for insurance services, namely, underwriting and brokerage of life, health, annuity, fire, property and casualty insurance; and financial services, namely distribution

      and brokerage of mutual funds, money market funds, pension plans, and IRA plans;

    c. NATIONWIDE HEALTH PLANS- Registration No. 2,369,723, registered July 25, 2000, for organizing and administering preferred provider programs in the field of health care services; and health care services in the nature of a health maintenance organization and consultation related thereto; and

    d. NATIONWIDE IS ON YOUR SIDE- Registration No. 1,793,850, registered September 21, 1993, for insurance services; namely, underwriting life, health, annuity, property and casualty insurance; financial services; namely, the sale of mutual funds, money market funds, pension plans and IRA plans.

 C. All of the above registrations are incontestable, which provides conclusive evidence of their validity under 15 U.S.C. § 1115(b).

 D. Nationwide maintains strict control over the use of the Nationwide Marks by its authorized insurance agents and registered representatives. Nationwide's insurance services are offered to the public only through Nationwide, its authorized insurance agents and its registered representatives.

 E. Subsequent to Nationwide's adoption and use of its distinctive Nationwide Trademarks, Defendants marketed and sold insurance products through an agency named Nationwide Benefit Plans, Inc. and via a website at www.nationwidebenefitplans.com.

 F. Neither of the Defendants are authorized insurance agents or registered representatives of Nationwide.

 G. The marketing and sale by Defendants of insurance products through an agency named Nationwide Benefit Plans, Inc. and the use of promotional materials containing that name and the use of the website www.nationwidebenefitplans.com constitute infringement of trademarks under the Lanham Act, 15 U.S.C. § 1114(a) et seq. and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

 H. The Nationwide Trademarks have great goodwill and are of tremendous value to Nationwide, and the advertising, marketing and promotion of Nationwide's insurance products and services, including health insurance, through the use of the Nationwide Trademarks has caused consumers to recognize the Nationwide mark as an indicator of quality insurance products and services, and seek out and purchase Nationwide insurance products and service rather than those of other providers.

I.  The marketing and sale by Defendants of insurance products through the Nationwide Benefit Plans agency is likely to cause confusion in the marketplace through an association of sponsorship, affiliation or endorsement by Nationwide in a number of consumers of the insurance products and services offered by Defendants. Such activities have infringed Nationwide's trademarks, and Defendants have competed unfairly with Nationwide.

## **PERMANENT INJUNCTION**

This cause having come on for hearing and by and with the consent of the parties and the Court having been fully advised in the premises, it is hereby ORDERED, ADJUDGED, and DECREED that:

Defendants, their agents, servants, employees, assigns, representatives and successors and all persons in active concert or participation with them are hereby ordered to:

1.  Phase out, within four months, all use of the term "Nationwide" or any variation or colorable imitation, or any word that is confusingly similar thereto, for insurance services and medical program services or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Nationwide with Defendants;

2.  Phase out, within four months, using the term "Nationwide" in all advertising, marketing and promoting of Defendants' insurance or insurance-related services provided by Defendants; and surrender all such materials currently in their possession or control for destruction;

3.  Immediately place a prominent disclaimer on any website with a domain name or content that includes the word "Nationwide" that Defendants are not affiliated with Nationwide and phase out, within four months, the operation of any website with a domain name that includes the word "Nationwide" or any variant thereof and turn over all such domain names to Nationwide;

4.  Surrender and/or request the cancellation of all assumed and fictitious business name certificates containing the term "Nationwide" from the appropriate issuing authorities within four months;

5.  Within four months, file all necessary documents with the appropriate governmental authorities with respect to any Articles of Incorporation, business licenses and all other business papers currently using "Nationwide" to remove all use of the name "Nationwide";

6. Immediately remove all signs and other *indicia* on or near Defendants' premises that use the term "Nationwide" and, for a period of six months, require that all employees or agents of Defendants answering the telephone specifically state upon answering the telephone that Defendants are not connected or associated with Nationwide;

7. Immediately contact all state insurance regulatory bodies and attorneys' general of such states consumer protection divisions in the states in which Defendants do any business and advise them that Defendants are not connected or affiliated with Nationwide;

8. Immediately provide to Nationwide a list of all policies sold under the "Nationwide" agency name and send each holder of any such policy a letter, approved in advance by Nationwide, advising that Defendants are not connected or affiliated with Nationwide;

9. Immediately call, and then immediately follow such call with an appropriate confirming letter, to the business office of the telephone companies with which Defendants have current telephone service under the name Nationwide, and request said telephone companies to immediately change the name of the listing to a name that does not include Nationwide;

10. To file with this Court, no later than four months from the entry of this Final Consent Order and Permanent Injunction an affidavit signed by an officer of the Defendants indicating that all of the above (1) through (9) have been complied with and detailing the steps taken to comply with this Court's order.

IT IS FURTHER ORDERED

(a) That this Court has jurisdiction over the parties to and subject matter of this action.

(b) That jurisdiction over this cause is retained by this Court for the sole purpose of enforcement of compliance herewith, and for further orders and directions as may be necessary or appropriate from the construction and effectuation of this Final Consent Judgment and Permanent Injunction.

(c) That except for the relief herein granted, the above identified civil action, including all claims, counterclaims, and affirmative defenses which Nationwide or Defendants have, could have or should have accorded therein, is hereby dismissed with prejudice; and

(d) Nationwide and Defendants have waived notice of the entry of this Final Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity.

Dated: 6-15-2006

Entered: _____
United States District Judge

SO STIPULATED:

Nationwide Benefit Plans, Inc.

By: _____
Name: Bill Ferguson
Title: President

_____
William M. Ferguson

Nationwide Mutual Insurance Company

By: _____
Name: Steven R. Schreibman
Title: VP Advertising & Brand

Nationwide Life Insurance Company

By: _____
Name: Steven R. Schreibman
Title: VP Advertising & Brand

APPROVED AS TO FORM:

Drew S. Norton (P41947)
Trial Attorney
Norton & Norton
401 South Old Woodward. Ste. 450
Birmingham, MI 43235
Telephone (248) 203-9940
Facsimile  (248) 203-9950

Counsel for Defendants Nationwide Benefit Plans, Inc. and William M. Ferguson

Of Counsel
Jerry K. Mueller, Jr. (0005094)
John J. Okuley (0076748)
Diane E. Burke (0070043)
Mueller And Smith, LPA
Mueller-Smith Building
7700 Rivers Edge Dr.
Columbus, OH 43235

Joseph R. Dreitler (0012441)
Trial Attorney
Mary R. True (0046880)
Brian J. Downey (0069163)
Frost Brown Todd LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, OH 43215
Telephone (614) 464-1211
Facsimiile (614)-464-1737

Counsel for Plaintiffs Nationwide Mutual Insurance Company and Nationwide Life Insurance Company